**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: July 27, 2007**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Laura Ansart

---

**Criminal Case No.  07-cr-00010-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Patricia Davies |
| v. | |
| 1.      SEAMUS FOLEY,        Defendant. | H. Michael Steinberg |

**SENTENCING MINUTES**

---

**10:05 a.m.     Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his  punishment and commented on the probation officer's determinations and other matters affecting sentence.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

      1.      The nature and circumstances of the offense for which the defendant is

          being sentenced.
2.     The history and characteristics of the offender.
3.     The authorized sentences under 18 U.S.C. § 3551.
4.     The presentence report.
5.     The advisory sentence guidelines.
6.     The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7     The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1, and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#58] filed July 13, 2007, is **granted**. The Government's Motion to Dismiss Count One of the Indictment [#60] filed July 25, 2007, is **granted** provided furthermore, that Count One of the Indictment is dismissed as to Defendant Seamus Foley.

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count Two of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **eight (8) months**.

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7. That while on supervised release , the defendant shall comply with all

      standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

- that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

- that the defendant shall not possess or use illegally controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of his DNA;

- that defendant shall submit to one drug test within fifteen days from his release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court;

- that the defendant, as directed by the probation department and at his own expense, unless then indigent, shall undergo a mental health evaluation and an alcohol substance abuse evaluation, and thereafter at his own expense, the defendant shall receive any treatment, therapy, counseling, testing or education prescribed by such evaluation, or as directed by the probation department, or as ordered by the court;

- that defendant shall abstain from the use of alcohol and all other intoxicants during the course of any such treatment;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of his probation officer unless his is in full compliance with the periodic payment obligations imposed pursuant to this court's remaining orders and judgments;

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

11. That the defendant shall pay restitution for the benefit of the victims identified in the presentence report in the total amount of $46,943.00, payable jointly and severally with the co-defendant, Jason Wong, in equal installments of not less that $200.00 per month during the term of his supervised release as directed by the probation officer.

12. That interest on restitution is waived.

13. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

14. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

15. That the defendant is remanded to the custody of the United States Marshal.

The Defendant waives formal advisement of appeal.

**10:40 a.m.    Court in recess.**

*Total in court time:   00:35 minutes - Hearing concluded*